(76 South. 818)

No. 22839.

STATE v. HAINEY.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION ☞110(2) — FOLLOWING LANGUAGE OF STATUTE—FALSE PRETENSES.

While it is necessary, in an indictment under Rev. St. § 813, to charge that the pretense was false, and that defendant knew it to be false, it does not follow that such indictment must be couched in the exact words of the statute. If the existence of the alleged fact constituting the pretense is negatived, and it is further stated that defendant knew such alleged fact did not exist, that is a sufficient compliance with these requisites.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

C. S. Hainey was convicted of obtaining property under false pretenses, and he appeals. Affirmed.

Hugh C. Fisher, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and J. F. Stephens, Dist. Atty., of Coushatta (Foster, Looney & Wilkinson, of Shreveport, and Vernon A. Coco, of New Orleans, of counsel), for the State.

LECHE, J. Defendant was convicted of the offense of obtaining property under false pretenses, as denounced in section 813, R. S. For annulment of the sentence imposed upon him, he relies upon defects in the indictment. He complains in a motion in arrest of judgment:

"That the indictment against him does not set forth a crime, offense, or misdemeanor against the laws of the state of Louisiana; that the indictment does, not set forth that the pretenses set forth therein were false and untruc by using the word 'falsely' or any word or words equivalent thereto; that said indictment does not set forth colloquium of a bargain and sale; that the negative allegations of said indictment are insufficient in that they do not properly negative and deny and falsify the pretenses alleged in that part thereof which attempts to deny the truth of the alleged pretenses, 'especially the want of authority allegation,' in that it does not state in what respect defendant had no authority."

The indictment charges:

That the defendant "did willfully, knowingly, maliciously, and feloniously, knowingly, designedly, and fraudulently, pretend to Alex L. Taylor that he, the said C. S. Hainey, was authorized, empowered, and had the right to sell, issue, and deliver shares of the capital stock of the Shreveport Tailoring School, Incorporated, a corporation organized under the laws of the state of Louisiana, and domiciled in Caddo parish, La., and that he had money subject to check in the City National Bank of Shreveport, La., and by means of which he the said C. S. Hainey did then and there unlawfully, knowingly, designedly, and fraudulently obtain from the said Alex L. Taylor one mule of the value of $125, the goods and chattels of the said Alex L. Taylor, by fraudulently, feloniously, and knowingly issuing and delivering to him, the said Alex L. Taylor, certain pretended certificates of the capital stock of the said Shreveport Tailoring School, Incorporated, of the pretended value of $100, and his check for the sum of $25 on the City National Bank of the City of Shreveport, La., all of which was done with the felonious intent then and there to cheat and defraud the said Alex L. Taylor of the same, when in truth and in fact the said certificates of stock were worthless, and had been issued by the said C. S. Hainey without authority and in violation of law, and he, the said C. S. Hainey, then and there was without funds in the City National Bank to pay the said $25, all of which he, the said C. S. Hainey, then and there well knew."

Opinion.

Bishop's New Criminal Procedure, vol. 2, par. 162, holds that in such an indictment the allegations must set out the pretense or pretenses, charge them to be false, known by the defendant to be so, etc.

The statute itself reads: "Whoever, by any false pretense, shall obtain," etc. It hardly seems necessary to discuss the necessity of

qualifying the pretense in an indictment as being false, because to hold otherwise would be to expunge the word "false" from the statute. But it is equally well settled that an indictment, for its validity, need not contain the same and identical language as the statute, and that it will be held sufficient if the words used therein are equivalent to those employed in the statute. State v. Brown, 41 La. Ann. 345, 61 South. 541; State v. Watson, 41 La. Ann. 598, 7 South. 125; State v. Hayes, 105 La. 352, 29 South. 937; State v. Pellerin, 118 La. 548, 43 South. 159.

The indictment in this case does allege that one of the pretenses by which the defendant obtained the property of Taylor was that he, the defendant, had money in the City National Bank of Shreveport, and that in truth and in fact said defendant was without funds in the City National Bank, all of which he, the said defendant, then and there well knew. We believe that these words are equivalent to an allegation that the pretense, viz. that defendant had money in the City National Bank of Shreveport, was false, and that he knew said pretense to be false, and, so believing,

It is ordered that the judgment of conviction herein be affirmed.