O’NIELL, J.
The defendant, appellant, was convicted of the crime of assault with intent to commit rape, and was sentenced to imprisonment in the penitentiary.
A bill of exceptions was taken to the overruling of his objection to the testimony of the mother of the prosecutrix. As a witness for the state, she testified, over defendant’s objection, that the prosecutrix complained to her of the assault, saying it had been committed about half an hour before. The witness was then permitted, over defendant’s objection, to relate to the jury all of the particulars or details of the assault, as told to her by the prosecutrix “within a few hours after the alleged crime was committed.” And the witness testified, over defendant’s objection, that the prosecutrix complained for two or three days thereafter that the accused had injured her arm by putting his knee upon it. The objection urged to the admissibility of the testimony was that it was hearsay and irrelevant. The ruling was, in the language of the judge, that the testimony was admissible “to show the particulars of the complaint made and not the truth or veracity of the complaint by the prosecutrix, and as a part of the res gestee.”
[1-3] In the absence of proof that the complaint was made spontaneously, or provoked by excitement caused by the assault, our opinion is that it was not a part of the res gestee. It appears, however, that the first complaint was made as soon as the prosecutrix met her mother after the alleged assault; under which circumstances, proof of the complaint was admissible to corroborate the testimony of the prosecutrix. The judge was in error, however, in allowing the witness to relate what the prosecutrix had told her in subsequent conversations. The ruling that the testimony was admissible “to show the particulars of the complaint made, but not the truth or veracity of the complaint by the prosecutrix,” was somewhat inconsistent; for, if the idea was to restrict the evidence to proving the mere fact that the prosecutrix had complained of the alleged assault, there was no good reason for allowing the witness to give hearsay evidence of “the particulars of the complaint,” and to repeat what the prosecutrix had told her two or three days after the alleged assault.
[4] Of course, the rule excluding hearsay evidence does not apply when the mere fact that the statement was made (by the person not under oath) is itself a relevant and important fact. But, if the fact that the statement was made (by the person not under oath) would be of no importance except for the truth of the statement, it is not admissible.
It is not disputed by the trial judge nor by the prosecuting attorneys that the hearsay evidence complained of was unfavorable to the defendant and was possibly the cause •of his conviction.
The verdict and sentence appealed from are annulled, and it is ordered that the case be remanded to the district court for a new trial.