0VERTON, J.
 

 The defendants Erank Gar-on and Alex Chutz prosecute this appeal from a conviction and sentence for breaking and entering a garage in the nighttime, with intent to steal and rob.
 

 It appears that upon the trial of the case, while the sheriff was on the witness stand, he was asked by the district attorney the following question, to wit: “Did Mr. Miller (who was a witness in the case) identify Mr. Chutz?” To this question the sheriff answered: “Ves, sir; he did.” Counsel for defendant then asked the sheriff the following question: “Was Mr. Chutz present?” To 'this the sheriff replied: “No, sir.” The defendants, through their counsel, then objected to the evidence on the ground that it was hearsay. The trial judge overruled the objection, and in his statement forming part of the bill says:
 

 “The question as to the ability of the witness Miller to identify the accused, Chutz, was strenuously contested by the defense. Miller had been asked if he had not failed to identify Chutz at the jail the day after the crime. He had denied such failure and was vigorously cross-examined on the subject. When the sheriff was sworn, among other questions, the above were asked. This is not hearsay. It is the direct testimony of the sheriff to a fact; i. e., the identification by the witness of the accused.”
 

 We are unable to agree with our brother when he says that the evidence was not hearsay. Chutz was not present when the sheriff says that Miller identified him. It is 'therefore obvious that the sheriff testified that Miller identified Chutz because Miller or some one else tol'd him that he had. If the statement had any independent relevancy, that is, if it was relevant by reason of its mere existence, the hearsay rule would have no application. 4 Chamberlayne on the Modern Law of Evidence, §,§ 2578, 2637. However, the statement possessed no independent relevancy. Its only value, under the circumstances, could have been as' proof of the fact asserted, and, being an unsworn statement made to another, it had no such value. The fact that Miller had previously taken the stand and testified that he had identified Chutz, and that he was vigorously cross-examined upon the question of his identification of the prisoner, did not make the evidence, under consideration, admissible, or render the error made, by admitting it, harmless. The probable effect of the evidence, and improperly so, was to support the evidence given by Miller on the witness stand. The evidence should have been excluded.
 

 Immediately after the bill of information and the statute on which the charge was based were read to the jury, defendants objected to the reception of any evidence.
 
 *1017
 
 under the bill, on the ground that the statute does not make it a crime to break and ■enter a garage with intent to steal or rob. 'This objection was overruled by the court. After the jury had returned their verdict of guilty, and before sentence, defendants filed a motion in arrest of judgment, based on the same ground as that set forth in the foregoing objection. It will be necessary, for obvious reasons, to consider only the motion in arrest. ,
 

 The bill of indictment charges defendants with having broken and entered the garage ■of Charles Frohn in the nighttime, with the felonious intent to steal and rob. The statute, under which the charge was preferred, is section 852 of the Revised Statutes, as amended and re-enacted by Act No. 15 of 1912. The section as re-enacted reads:
 

 “Whoever with intent to rob, steal, commit a rape or any other crime, shall in the nighttime break and enter into any shop, store, office, courthouse, church, barn, rice or sugar house, cotton gin, warehouse, bank, theater building or dressing room therewith connected, or any outhouse appurtenant to a dwelling house, plantation, or any vessel, or having with such felonious intent entered, shall in the nighttime break any such house, building or vessel, and every person present aiding, assisting' or consenting in such burglary, or accessory thereto before the fact, by counseling, hiring, or procuring such burglary to be committed, on conviction shall suffer imprisonment at hard labor not exceeding ten years.”
 

 The bill of information, in this instance, -does uot charge that the garage broken into and entered was an outhouse appurtenant to a dwelling or plantation, nor is there for that matter any contention that it was. The state, however, contends that a garage, within the common and approved usage of language, is a shop, and therefore urges that the bill of information is sufficient.
 

 Among the definitions given in Webster’s New International Dictionary of the word “shop” are:
 

 “(1) A building or an apartment in which goods, wares, drugs, etc., are sold by retail. (2) A small establishment, or a room, department or building devoted to a particular line in a factory or large establishment, in which mechanics or artisans work; as a shoe shop; a car shop; a machine shop.”
 

 The same authority defines a garage as “a place for housing automobiles.” In Diocese of Trenton v. Toman, 74 N. J. Eq. 702, 70 A. 606, it is said that “garages occupy with respect to automobiles the same place that stables do with regard to horses.” See, also, Smith v. O’Brien, 46 Misc. Rep. 825, 94 N. Y. S. 673, 674; 2 Words and Phrases, Second Series, page 700; and “Garage,” 27 C. J. p.
 
 1107;
 
 “Garage,” Funk & Wagnall’s New Standard Dictionary. In the Century Dictionary the word “garage” is defined as being
 
 “A
 
 station in which motorcars can be sheltered, stored, repaired, cleaned, and made ready for use; also a place of private storage for a mortorear; a stable for motorcars.”
 

 While, in charging an offense, it is not sacramental that the identical words of the statute defining and denouncing it should be used, still, when there is a departure from
 
 the
 
 words used in
 
 the
 
 statute, words
 
 of
 
 equivalent import or which unequivocally convey the meaning of the statute should be used. State v. Pellerin, 118 La. 547, 48 So. 159; State v. Hainey, 142 Da. 407, 76 So. 818.
 

 While the pleader in preparing the bill of information or indictment may depart from the wording of the statute to the extent stated, still, in this instance, in our view be has gone beyond that measure, for it is clear from the foregoing definitions that
 
 the
 
 word “garage” is not equivalent to the word “shop.” There is no doubt that the word “garage,” which is a new word in our language, is, at present, often used to mean a station in which automobiles may be repaired, cleaned, and made ready for use, but it also may be used to mean a place of private storage ’ for a motorcar, and also to
 
 *1019
 
 mean a stable for motorcars. When used to moan a place of private storage for a motorcar, or to mean a stable for motorcars, the word certainly does not convey the meaning of the word “shop." It is broader than that word. The word should not have been used in the bill of information as a substitute for the word “shop,” for it is not the equivalent of the latter, nor does it necessarily include the meaning of that word. But counsel for the state urge that the evidence adduced on-the trial of the case shows that the garage, in this instance, was a place for the repair of automobiles and the purchase of their accessories. It is sufficient, however, to say, in disposing of this contention, that it was not enough for the evidence, with which we are not even concerned in passing on the motion in arrest, to have so shown, but the bill of information should have alleged that the place broken into was a shop,, or used words unequivocally conveying the meaning that it was.
 

 We have examined bills of exception 4, 6, and 8, but do not find that they show reversible error. In disposing of the motion in arrest of judgment we have, in effect, 'disposed of the remaining bills found in the record.
 

 For the reasons assigned, the verdict and the sentence appealed from are annulled and set aside, the motion in arrest of judgment is. sustained, and it is ordered that the accused be discharged.
 

 LAND, J., concurs in decree.