**140 So. 501**

**STATE v. WHITE et al.**
**No. 31683.**

Feb. 29, 1932.

Edward M. Estalote, of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., and E. M. Conzelmann, Asst. Dist. Atty., both of Gretna (James O'Niell, Sp. Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J.

The appellant, George Crumble, was prosecuted under a bill of information charging that he did willfully, unlawfully, and feloniously enter in the nighttime the poultry farm of one Julius Quinn, with the felonious intent to steal, and did then and there take, steal, and carry away 150 leghorn chickens, of the value of $150. On the theory that the prosecution was for burglary, or entering in the nighttime, as defined in section 854 of the Revised Statutes (as amended by Act No. 20 of 1926), the case was tried by a jury of twelve; and, the verdict being "Guilty as charged," the defendant was sentenced to imprisonment in the penitentiary for five years—that being the maximum term of imprisonment under the statute.

The attorney for the appellant has filed in this court an assignment of errors, to the effect that the bill of information did not charge the crime of burglary, or entering in the nighttime, and therefore the case was not triable by a jury of twelve. The assignment of errors is well founded. The statute (Rev. Stat. § 854, as amended) on which the prosecution was founded, and which the judge quoted in his charge to the jury, does not make it a crime to enter a *farm* in the nighttime with intent to steal or to commit any other crime. To constitute the crime denounced by the statute the entry must be of

a building, house, tent, or vessel. Inasmuch as the penalty for the crime is imprisonment at hard labor, a person accused of the crime is subject to trial only by a jury of twelve. But, as the penalty for larceny of property of a value exceeding $100 is imprisonment with or without hard labor, in the discretion of the judge, a person accused of that crime is subject to trial only by a jury of five. Hence, if the bill of information in this case is, as it appears to be, a valid bill of information for the crime of larceny of property of the value of $150, the defendant is subject to trial only by a jury of five.

In so far as the bill of information in this case purports to charge the crime of entering in the nighttime, as denounced by section 854 of the Revised Statutes, the verdict is of no effect, because article 405 of the Code of Criminal Procedure declares that a verdict can have no effect if found upon an indictment so defective as to charge no crime.

The verdict and sentence are annulled, and the case is ordered remanded to the district court for further proceedings consistent with the opinion rendered herein.