On Rehearing
FOURNET, Chief Justice.
After a careful reconsideration of this case we adhere to the conclusion previously reached that inasmuch as the bills of exceptions in the instant case were filed and tendered to the judge within ten judicial days after rendition of the judgment complained of, the additional delay “of one day” to take the appeal granted in such cases under the provisions of Article 542 of the Code of Criminal Procedure (R.S. 15:542), i. e., "of one day for every day after the tenth day the judge fails to act finally upon the bills of exception tendered him for signature,” required the accused to move for an appeal on the next “judicial day” after the judge “acted finally” upon the bills thus tendered. However, we think we were in error in our conclusion that the signing of the bills by the trial judge fixed the time from which this added day given the accused is to be computed. (The emphasis has been supplied.)
It is apt to observe that the commission appointed to draft the Code of Criminal Procedure under legislative and constitutional mandate in 1926 stated, in submitting this draft, that they had “conscientiously striven to write a Code of Criminal Procedure that will abolish unnecessary technicalities, expedite the dispatch of business, and as far as possible, eliminate the ‘law’s delay,’ so that the application of the sub *879 stantive law to concrete cases will accomplish its ideal purpose, which is a deterrent to the commission of crime. At the same time, we have been careful to safeguard all of the just rights of the defendant.” (The* emphasis has been supplied.)
It was further disclosed that the draft was actually a codification of the then existing law with few changes, the time for taking an appeal not being one of these. As incorporated in this draft the then existing law on that subject was contained in Article 542, which provided that “The party desiring to appeal in a criminal case shall malee in open court a motion for an appeal verbally or in writing, within three judicial days after the rendition of the judgment complained of.” The legislature, however, saw fit in its wisdom to change this to ten judicial days, and, apparently realizing the judge, either through carelessness or by necessity because of the number and complexity of the bills, might need additional time in which to prepare his per curiam to each bill or to certify at the foot of the bill it required no per curiam, as required by Article 504,[1] added the further provision that forms the sole exception to the rigid 10-day appeal rule which reads : “ * * * provided, that if before the expiration of the last day upon which an order of appeal can be entered the judge has not acted on the bills of exception tendered him, the accused shall be granted an additional delay to appeal of one day for every day after the tenth day the judge fails to act finally upon the bills of exception tendered him for signature” (Article 542), and which delay, as interpreted in our original decision and affirmed here, is to run concurrently with the day to day delay of the judge. (The emphasis has been supplied.)
The legislature did not spell out in so many words what is meant by the provision that the accused is given an added day from the day on which the judge finally acts on the bills, but we think a reasonable interpretation of this clause of necessity connotes more than the mere affixing of the judge’s signature to the bills and the filing of them with the clerk or in the clerk’s office, for it is elementary that it would be impossible for an accused to move for an appeal during the additional delay of one day granted him unless he first received notice that the judge had acted on the bills. We think this construction is a reasonable one that gives full effect to the intention of our law-makers in granting the accused the right to have his case reviewed on appeal .by a higher court.
The record discloses the' accused was sentenced on June 13, 1956, and immediately placed in the local jail, where he has remained until this day. On June 26, *881 1956, within the ten judicial days following sentence provided by Article 542, defense counsel tendered some seventeen bills ■ of exceptions to the trial j'udge for action .and signature. The trial judge not only failed to act within the ten judicial days following the complained of judgment, but also failed to do so on September 6, 1956, • although only two days previously he had assured defense counsel he would perfect the bills on September 6, so that counsel •could then move for his appeal in open ■court. In fact, the bills were not perfected by the judge until September 28, when, out ■of court, he filed them with the clerk, having only that day signed them. Neither the accused nor his counsel was ever given any official notice of this action although counsel had, prior to September and also following the judge’s failure to take the promised action on September 6, repeatedly requested the judge to act on and sign the bills as he was anxious to have them perfected preparatory to taking his appeal. We therefore ■conclude the appeal taken on November 26, 1956, was timely. Accordingly, the motion to dismiss is overruled.
On the merits counsel for the state contends the bills that have been reserved on behalf of the accused cannot be considered by this court as they were not prepared in the manner prescribed by law and the jurisprudence thereunder. We find it unnecessary to consider this contention as it appears on the face of the record the information upon which the accused was tried is fatally defective, and, of necessity, the conviction and sentence thereunder must fall.
The state, in charging the accused might, under our law, have utilized either the long form [2] or short form [3] of information. In this case it obviously followed neither for the information simply accused the defendant with having committed “simple burglary of Cagnina’s Bar, in the City of Crowley, Acadia Parish, Louisiana, in violation of La.R.S. 14:62,”[4] and, under the express provisions of the Code of Criminal Procedure, “no verdict can be of any effect if found upon an indictment so defective as to charge no crime." Article 405, R.S. 15:405. See, State v. White, 174 La. 355. 140 So. 501.
*883 It is obvious from the mere reading of the information in this case that the state intended to follow the short form, yet it is equally obvious that in so doing the results fell short of the requirements of the law since the information failed to describe or particularize the houseboat “or other structure, watercraft, movable as the case may be” purportedly unlawfully entered, and to specify or designate to whom it belonged, as required by R.S. 15:235. See State v. Garon, 158 La. 1014, 105 So. 47; State v. White, 174 La. 355, 140 So. 501; State v. McDonald, 178 La. 612, 152 So. 308; and State v. Straughan, 229 La. 1036, 87 So.2d 523.
For the reasons assigned the conviction and sentence appealed from are annulled and set aside and the accused is ordered discharged.
McCALEB, J., concurs in the decree.
HAMITER and HAWTHORNE, JJ., dissent.

. In the repoi't of the commissioners they list as among the changes made in the existing law of criminal procedure that “(18) The trial judge is required to append a per curiam to every bill of exception, unless lie shall certify at the foot of the bill that none is necessary.”

. Article 227 of the Code of Criminal Procedure provides that “The indictment [or information] must state every fact and circumstance necessary to constitute the offense * * R.S. 15:-227. (Brackets added.)

. The pertinent part of Article 235 provides that simple burglary may be charged thusly: “A. B. committed simple burglary of the houseboat (or other structure, watercraft, movable as the case may be) belonging to O. D.” R.S. 15:235.

. This statute, creating the offense of simple burglary, defines it as the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein * *