246 So.2d 810

**STATE of Louisiana**

v.

**Mack MAIDEN, Jr.**

No. 50756.

March 29, 1971.

Rehearing Denied May 3, 1971.

J. J. McKernan, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

This is a criminal prosecution. The Grand Jury of East Baton Rouge Parish jointly indicted the defendant, Mack Maiden, Jr., and Jerry Lee Williams for the murder of Paul Leckey. After a severance had been granted, Maiden came on for trial. The jury found him guilty of manslaughter, and the trial judge sentenced him to twenty-one years in Louisiana State Penitentiary.

The background facts are these: The victim, Paul Leckey, owned and operated the Dari-Delite, a drive-in ice cream and sandwich business located adjacent to the Louisiana State University campus in Baton Rouge. During the early morning of April 13, 1965, as he prepared to close, Leckey went outside to a small storage shed in the rear of the business to get some cleaning detergent. Shortly, his wife heard a "loud, sharp noise" and a scream. She rushed outside and found her husband dying of a bullet wound. She called the police.

The police found a sawed-off twenty-two calibre rifle near the scene. Subsequently, they arrested the defendant Maiden, Leroy Rogers, and Jerry Lee Williams for the murder. Rogers pleaded guilty to a lesser offense and appeared at the trial as a State's witness. The State based its case primarily upon the theory that the victim had been shot during an armed robbery.

BILL OF EXCEPTIONS NO. 1

The State was allowed to prove that the defendant participated in a later armed robbery of another establishment to show intent and system. See LSA–R.S. 15:445, 446; State v. Montegut, 257 La. 665, 243

So.2d 791, State v. Spencer, 257 La. 672, 243 So.2d 793.

Roy Bergeron of the Baton Rouge Police Department testified, over defense objection, that he was present at a line-up and saw Gladys Winfree, the victim of the later robbery, write on a card the numbers 2 and 5 to identify two men who had taken part in the robbery. He testified that number five in the line-up was defendant Maiden.

The defendant contends that this testimony was prejudicial hearsay, relying upon State v. Garon, 158 La. 1014, 105 So. 47.

The State, on the other hand, contends that the testimony included only what the witness actually observed at the line-up and was non-hearsay. The State argues that "what the witness saw another witness write down was original evidence. * * *"

■■ The hearsay rule applies to both oral and written out-of-court statements. The written notation could have no other purpose in the present case than as an assertion that the defendant committed the later armed robbery. Hence, the testimony was undoubtedly hearsay. See State v. Cole, 145 La. 900, 83 So. 184; Comment, Hearsay and Non-Hearsay As Reflected in Louisiana Criminal Cases, 14 La.L.Rev. 611, 612.

■ Testimony of a witness that someone else made an out-of-court identification of the defendant as the one who committed a crime is hearsay. See State v. Brown, 161 La. 704, 109 So. 394; State v. Garon, 158 La. 1014, 105 So. 47; State v. Butler, 114 La. 596, 38 So. 466.

Every error in the admission of evidence, however, does not require that the conviction be set aside. The test for reversible error is set forth in the Louisiana Code of Criminal Procedure.

Article 921 provides:

"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

In the present case, Gladys Winfree also appeared as a witness and described the identification that she made at the line-up. She also testified that the defendant "looked like" one of those that she identified. The State offered the record of the criminal prosecution in the armed robbery case to show that the defendant pleaded guilty to the offense. As to the present homicide, Leroy Rogers appeared at the trial and testified that he and defendant

Maiden attempted to rob the victim and, during the victim's struggle with Maiden, the victim was shot.

Under these circumstances, it does not appear that the error resulted in a miscarriage of justice or prejudiced the substantial rights of the defendant.

Hence the Bill of Exceptions lacks merit.

## BILL OF EXCEPTIONS NO. 2

The State offered the Court Record in No. 58,718, State v. Mack Maiden, of the docket of the Nineteenth Judicial District Court to show that he pleaded guilty to the robbery of Gladys Winfree occurring on May 24, 1966.

Defense counsel objected to the offering on two grounds: (1) The evidence was insufficient to show that the present defendant and the Mack Maiden in that case were the same person; and (2) The court record could not be used as evidence of the commission of the other armed robbery, because it was not affirmatively shown that all of the defendant's constitutional rights were safeguarded in that proceeding.

In our opinion, neither ground has merit.

■ Besides the identity of the name, the record reflects that Officer Roy Bergeron testified that the defendant was arrested for the other robbery and Gladys Winfree, the victim, testified that the defendant "looked like" the person who robbed her. The evidence was sufficient for admission of the court record. It was for the jury to determine whether the evidence was sufficient to show that the defendant committed the other armed robbery. The objection, in reality, is directed to the weight of the evidence.

■ We know of no authority (and defendant cites none) that requires an affirmative showing of compliance with all constitutional safeguards before a court record may be used to show that the defendant pleaded guilty to another crime to show intent and system. A legal presumption exists as to the regularity of judicial proceedings. If the proceeding is irregular or invalid, it is incumbent upon the defendant to show it. LSA-R.S. 15:432.

We conclude that the Bill of Exceptions is without merit.

## BILL OF EXCEPTIONS NO. 3

Defendant reserved Bill of Exceptions No. 3 to the introduction in evidence of State Exhibits 2-E, B and G.

The defendant asserts that these exhibits show the bloody body of the victim, partially covered by a towel, that they served no evidentiary purpose, and were prejudicial because they were inflammatory.

The State asserts that Exhibit 2-E represents the area where the weapon used by defendant was found; Exhibit 2-B represents the weapon itself; and Exhibit 2-G represents the scene of the crime after the body had been removed.

The exhibits are poorly marked. Our examination of the exhibits and record, however, shows that the State is correct in its identification of Exhibits 2–E and 2–B.

■ These photographs show the alleged murder weapon and the place where it was found. These exhibits were clearly relevant and admissible in evidence. This is especially true in the present case, since the weapon itself was lost after the State had taken possession of it for use as evidence.

■ Exhibit 2–G is a photograph of the body of the victim clearly showing the bullet wound. The lower portion of the body is covered by a towel. A smudge appears on the left arm and chest.

Other photographs of the body taken at the same time (State Exhibits 2–D and 2–I) were apparently admitted without objection. The Coroner referred to Exhibit 2–D in his testimony.

The photograph is relevant and corroborates the Coroner's testimony as to the cause of death.

In State v. Morris, 245 La. 175, 157 So.2d 728, we summarized the law relating to the use of such photographs as follows:

"[W]e have on numerous occasions stated that the mere fact that photographs are gruesome and tend to prejudice the jury does not render them inadmissible in evidence if they are otherwise admissible. See State v. Johnson,

198 La. 195, 3 So.2d 556, State v. Ross, 217 La. 837, 47 So.2d 559, State v. Solomon, 222 La. 269, 62 So.2d 481, State v. Eubanks, 240 La. 552, 124 So.2d 543, and State v. Collins, 242 La. 704, 138 So.2d 546. We think, however, that this rule is subject to the reservation noted in the vast majority of the common law jurisdictions and expressed in 23 C.J.S. 353, verbo Criminal Law § 852(1) c: 'As a general rule, where photographs are otherwise properly admitted, it is not a valid objection to their admissibility that they tend to prejudice the jury. Ordinarily photographs are not inadmissible merely because they bring vividly to jurors the details of a shocking crime or tend to arouse passion or prejudice, as in the case of unpleasant, gruesome, or horrifying photographs. *The test of admissibility in such cases is whether the probative value of the photographs outweighs their probable prejudicial effect.* Accordingly, photographs should be excluded where their logical relevancy will unquestionably be overwhelmed by the inherently prejudicial nature of the particular picture; and photographs which are calculated to arouse the sympathies or prejudices of the jury are properly excluded if they are entirely irrelevant or not *substantially necessary* to show material facts or conditions."

Although any photograph of human death is unpleasant, the present photograph is not

unduly gruesome. No fresh blood appears on the body. As we have already observed, a smudge appears on the left arm and chest. Applying the test laid down in the foregoing decision, we conclude the probative value of the photograph outweighs any probable prejudicial effect.

For the reasons assigned, the conviction and sentence are affirmed.