257 So.2d 668

**STATE of Louisiana**

**v.**

**Jeannette WILLIAMS.**

**No. 51614.**

Feb. 3, 1972.

Isaac Abramson, Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Jack E. Yelverton, Walter L. Smith, Jr., Asst. Attys. Gen., Charles Marvin, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Jeannette Williams, appeals from a conviction of Manslaughter, La.R.S. 14:31, for which she was sentenced to twelve years at hard labor.

The defendant reserved and perfected two bills of exceptions. Both bills of exceptions allege the trial court erred by overruling an objection by defense counsel to testimony of Deputy Sheriff B. G. Gray regarding his investigation at the scene of the alleged crime. That officer was asked what his investigation disclosed as to what the general situation was during the afternoon and early evening prior to the shooting based on information obtained from questions he asked in the defendant's presence.

The defendant contends that Deputy Gray's testimony was prejudicial hearsay, relying on State v. Dore, 227 La. 282, 79 So.2d 309 (1955), and the cases cited therein. Even if we consider that the testimony of Deputy Gray was inadmissible as hearsay, its admission offers no ground for reversal.

Every error in the admission of evidence, however, does not require that the conviction be set aside. See State v. Maiden, 258 La. 417, 246 So.2d 810 (1971). The test for reversible error is set forth in the Louisiana Code of Criminal Procedure.

Article 921 provides:

"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

In the present case, as pointed out by the trial court's per curiam, "most, if not all, of the witnesses questioned by Deputy Gray that evening were actually called and testified themselves corroborating generally what they had told him and the defendant herself took the stand and related things that took place during the afternoon and evening up to the time of the fatal shooting."

Under these circumstances, it does not appear that the error resulted in a miscarriage of justice or prejudiced the substan-

tial rights of the defendant. It was therefore harmless.

For these reasons, the conviction and sentence are affirmed.