301 So.2d 318 (1974)
STATE of Louisiana
v.
Tommy Russell YOXTHEIMER.
No. 54788.
Supreme Court of Louisiana.
October 11, 1974.
*319 John R. Joyce, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant was convicted of simple burglary and sentenced to five years at hard labor in the custody of the Louisiana Department of Corrections. He appeals from that conviction, relying upon seven bills of exceptions.
BILL OF EXCEPTIONS NO. 1
This bill was reserved when the court overruled an objection to testimony by the assistant manager of the place of business burglarized that he had determined that the burglars had exited the building through the rear because the sonic burglar alarm system in the rear of the store had been activated. The foundation had been laid as to the installation and function of the entire burglar alarm system before the testimony of this witness. The argument by the defendant that this witness gave opinion testimony of a scientific nature requiring qualification as an expert is without merit. The testimony is purely factual.
BILL OF EXCEPTIONS NO. 2
Objection was made to the admission into evidence of a flashlight and screwdriver found on the premises burglarized. Testimony of the investigating officers connected both the flashlight and screwdriver with the robbery. The defendant's objection to relevance is totally without merit under the facts presented here.
BILLS OF EXCEPTIONS NOS. 3 AND 4
The place of business burglarized contained a pharmacy, among other departments. When the defendant was apprehended on the roof of the building, a large brown bag containing drugs and drug paraphernalia was found by his side. These were discovered to have been taken from the pharmacy department of the store. Intent to commit theft is an ingredient of the crime of burglary. The admission of the drugs and drug paraphernalia was highly relevant. Relevant probative evidence is usually prejudicial but its admission is not prejudicial error. The bills are without merit.
*320 BILLS OF EXCEPTIONS NOS. 5 AND 6
Defendant contends the inconsistency of the testimony as to the method of interrogation used to obtain a confession from the defendant establishes that it was not freely and voluntarily given. The trial judge found that the confession was free and voluntary. The trial judge correctly stated in his per curiam that any inconsistencies surrounding the taking of a statement declared to be free and voluntary may be considered by the jury for the purpose of weighing the probative value of the confession. Counsel for the defendant argues that because of the inconsistencies urged under Bill of Exceptions No. 5, his objection to the defendant's waiver of his constitutional rights in connection with custodial interrogation is invalid and inadmissible as evidence. Again, the trial judge found the waiver to have been freely given and the resulting confession to have been free and voluntary. W find no error in that ruling. The bills of exceptions are without merit.
BILL OF EXCEPTIONS NO. 7
The defendant requested a special charge to the jury. The trial court refused the requested special charge because the written charges requested by counsel encompassed the special charge. We do not have the full charge given to the jury. We accept the per curiam from the trial court which states that the special charge was fully covered in the general written charge. Under the same bill of exceptions defendant argues that the jury should have had a copy of the charges in the jury room. The trial court correctly refused the request that the written charge be given to the jury upon its retiring to the jury room for deliberations.
We have examined the pleadings and proceedings and find no error discoverable from a mere inspection of the record.
The conviction and sentence are affirmed.