309 So.2d 134 (1975)
STATE of Louisiana
v.
Noel MURPHY.
No. 55478.
Supreme Court of Louisiana.
February 24, 1975.
Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On November 18, 1971 defendant was tried and convicted of armed robbery (R.S. 14:64) and was sentenced to serve twenty years at hard labor. On appeal he urges six bills of exceptions and an error discoverable by a mere inspection of the pleadings and proceedings, viz., inexcusable delay between sentencing and the lodging of the record with this court (October 24, 1974). We find Bill of Exceptions No. 3 to be meritorious and reverse the conviction.
Bill of Exceptions No. 3 was reserved when the trial court permitted a witness to testify that a confidential informer had told him that one of the persons who was involved in the robbery at Milburn's Radio *135 and TV Shop on December 24, 1970 was the defendant, Noel Murphy. The information came by telephone on March 29, 1971.
Relying upon this information, the investigating officers had included the defendant's picture in a group of pictures shown to the two victims, employees of Milburn's Radio and TV Shop. Both victims identified defendant's picture and later identified defendant at a lineup and at trial. In questioning Detective Raymond Reed concerning his investigation, the State elicited the following testimony:
"Q I now ask you what information did this informer give you on that date pertaining to the armed robbery of Milburn's Radio & TV Supply on December the 24, 1970?
"MR. VIOSCE: Objection, Your Honor, on the basis of hearsay. This witness has testified that he knows this person, that he knows his name, and in view of the fact that the name or the alias was, in fact, divulged. I think we are entitled to have this person present in Court in order for cross examination.
. . . . . .
"THE COURT: Overruled.
. . . . . .
"THE COURT: Let your bill lie.
"BY MR. ALEXANDER: What information, Detective Reed, did this informer give concerning the armed robbery of Milburn's Radio & TV on December 24, 1970?
"A The informer told me that one of the subjects involved in the perpetration of the armed robbery was the subject before the bar, Noel Murphy."
The answer of the witness that the informer had told him that the defendant had committed the robbery was clearly inadmissible hearsay. State v. Kimble, 214 La. 58, 36 So.2d 637, 638 (1948). In Kimble we stated the applicable rule to be as follows:
"While it is not violative of the hearsay rule for a police officer to state that he made an arrest or a search and seizure as the result of information received or a complaint, the exception is limited to the statement of factfor, whenever he is permitted to explain the nature of the information or complaint, he does not testify to a fact but to what someone else told him."
In the instant case it was proper for the witness to testify concerning the investigative procedure which he had followed. State v. Vassel, 285 So.2d 221 (La.1973); State v. Oliver, 247 La. 729, 174 So.2d 509 (1965); State v. Green, 244 La. 80, 150 So.2d 571 (1963). It was not proper, however, to allow the witness to testify concerning the conclusion of the informer that the defendant was guilty of the crime charged. This was pure hearsay.
The State contends in the alternative that if the testimony was inadmissible, its admission was harmless error, as two eyewitnesses positively identified the defendant as having participated in the armed robbery. C.Cr.P. 921 reads as follows:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."
In two recent decisions, State v. Herman, 304 So.2d 322 (La.1974) and State v. Michelli, 301 So.2d 577 (La.1974), we held that this provision prevents our application of the federal harmless error rule to errors which occur at trial. In this case our review is restricted to deciding *136 whether the error constituted a substantial violation of a constitutional or statutory right. If we so find, we may not review the record to determine whether there is overwhelming independent evidence of the defendant's guilt. A substantial violation of defendant's constitutional rights requires reversal.
In the instant case there was no opportunity for the defendant to cross-examine the informer who had identified him as the perpetrator of the crime. Absent circumstances justifying or mitigating this departure from defendant's constitutional right of confrontation, we have held this violation to be reversible error.[1] State v. Hayden, 243 La. 793, 147 So.2d 392 (1962); State v. Garon, 158 La. 1014, 105 So. 47 (1925); State v. Cole, 145 La. 900, 83 So. 184 (1919).
Our conclusion that defendant's constitutional right of confrontation was violated in the present case is supported by the decision of the Fifth Circuit in Favre v. Henderson, 464 F.2d 359 (5th Cir. 1972), cert. den. 409 U.S. 942, 93 S.Ct. 235, 34 L. Ed.2d 193 (1972), where in a less compelling but similar fact situation the court found the defendant's right of confrontation to have been violated. In Favre a police officer had been permitted to testify concerning information about the defendant which he had received from informers. He further attested to the reliability of his informers. On appeal to this court, we held that the objectionable testimony was not hearsay and had not caused defendant to be prejudiced. State v. Favre, 255 La. 690, 232 So.2d 479 (1970).[2] On review by the federal courts in a habeas corpus proceeding, both the district and circuit courts found a violation of defendant's right of confrontation. Favre v. Henderson, 318 F.Supp. 1384 (E.D.La.1972), 444 F.2d 127, on remand, 464 F.2d 359 (5th Cir. 1972). Applying the federal harmless error rule on remand, the Court of Appeals found that the independent evidence did not establish overwhelmingly the guilt of the accused and affirmed the district court's grant of habeas relief, based on the admission of testimony of an out-of-court declarant who believed the defendant to be guilty of the crime charged. The informers were not subject to cross-examination and the triers of fact had absolutely no "satisfactory basis for evaluating the truth of the prior statement." 464 F.2d at 364.
The record before us would not permit the application of any "harmless error" rule, even if in Louisiana there were such a rule when constitutional violations are involved.
Six witnesses and the defendant testified. Two policemen testified about the investigation and lineup; two policemen repeated the testimony of the "informant;" the two victims of the robbery identified the defendant. The defendant denied the accusation and was cross-examined by the prosecutor on the identification by the "confidential informant." The two victims were not acquainted with the defendant, and identified his photograph when presented by the two policemen after the informant's call.
It cannot be said, under these circumstances, that the hearsay accusation, repeated by each officer, was harmless.
The conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
*137 SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns written reasons.
MARCUS, J., dissents and assigns written reasons.
SANDERS, Chief Justice (dissenting).
I cannot subscribe to the holding that Louisiana, unlike other states, cannot apply the harmless error rule to the reception of hearsay testimony. Article 921 of the Louisiana Code of Criminal Procedure can be applied consistently with the federal harmless error rule.
In the present case, two eye-witnesses made a positive identification of the defendant as the perpetrator of the armed robbery. Although the defendant testified that he was at home when the crime occurred, he declined to offer the testimony of his mother and sister to corroborate him. He called no other witnesses. The evidence of guilt was overwhelming. Under these circumstances, I am of the opinion that the alleged error was not a substantial violation of a constitutional or statutory right. See LSA-C.Cr.P. Art. 921. In my opinion, the error was harmless beyond a reasonable doubt. Hence, the conviction should be affirmed.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
The conviction of Murphy in the trial court did not result in a miscarriage of justice; the conviction prejudiced none of his substantial rights, and the trial irregularity complained of here had no significant bearing upon the outcome of his trial. The Court should refuse to reverse on the technicality. La.Code Crim.Proc. art. 921.
The Favre Case relied upon in the majority opinion is distinguishable. There, unlike the case at bar, the independent evidence did not establish overwhelmingly the guilt of the accused, the informer's information being the overriding factor leading to conviction. Here, however, that is not the case, the informer's testimony is of little significance on the question of guilt. Testimony offered by Detective Reed, and described as hearsay was not offered to prove the truth of the matter asserted or to prove guilt. Its purpose was to show the officer had reasonable cause to investigate the defendant's conduct and to arrest him after identification by the victim. In Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the United States Supreme Court ruled that a witness' knowledge leading to arrest may be based on hearsay. In doing so, the Court said,
"It is not argued, nor could it be, that the constitutional right to confrontation requires that no hearsay evidence can ever be introduced.
* * * * * *
"... From the viewpoint of the Confrontation Clause [of the sixth amendment], a witness under oath, subject to cross-examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only as to what he has seen but also as to what he has heard."
In addition, in the case at bar there were two independent witnessesvictimswho identified the defendant at trial. They were subject to cross-examination. Their testimony was the overwhelming proof which established Murphy's guilt beyond a reasonable doubt.
I respectfully dissent.
MARCUS, Justice (dissenting).
There were positive identifications of defendant by two eye-witnesses. In my view, the independent evidence establishes *138 the overwhelming guilt of the accused. Under these circumstances, I do not consider that the error complained of constitutes a substantial violation of a constitutional or statutory right. La.Code Crim.P. art. 921 (1966). It was harmless. Accordingly, I respectfully dissent.
NOTES
[1] For cases where the violation of the hearsay rule was not found to be cause for reversal, see, e. g., State v. Brevelle, 270 So.2d 852 (La.1972); State v. Landry, 262 La. 32, 262 So.2d 360 (1972); State v. Williams, 260 La. 941, 257 So.2d 668 (1972); State v. Maiden, 258 La. 417, 246 So.2d 810 (1971).
[2] This case is discussed in The Work of the Louisiana Appellate Courts for the 1969-1970 TermEvidence, 31 La.L.Rev. 381, 385 (1971).