321 So.2d 509 (1975)
STATE of Louisiana
v.
Joseph SINGLETON.
No. 56484.
Supreme Court of Louisiana.
November 3, 1975.
*511 Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Joseph Singleton, was charged by bill of information with the crime of armed robbery, in violation of La.R.S. 14:64. After a jury trial on January 23, 1973, he was found guilty and sentenced to eight years imprisonment. The defendant perfected fifteen bills of exceptions reserved during the trial, ten of which were neither briefed nor argued on appeal, and are therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
BILL OF EXCEPTIONS NO. 7
After the State had completed the direct examination of its first witness, the defendant's attorney declined immediate cross-examination, reserving his right of cross-examination until a point later in the trial. This was allowed by the trial judge. However, after the State had finished the direct examination of its second witness, the defendant's attorney again declined immediate cross-examination and requested that he be allowed to reserve his right of cross-examination until the State had presented its entire case. When the trial judge ascertained that defense counsel planned to do this with every state witness, he denied the request to reserve cross-examination, to which ruling the defendant assigns error.
The control of the examination of witnesses is left within the sound discretion of the trial judge, and his rulings thereon will not be disturbed in the absence of abuse of this discretion. State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972).
Defendant relies on C.Cr.P. art. 773:
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible.
Defendant's reliance is misplaced. The judge did not attempt to control the order in which the defendant presented his evidence. Rather, the trial judge merely wanted defense counsel to pursue the normal order of trial. See C.Cr.P. art. 765. Furthermore, the trial judge's ruling insured that the jury would receive the evidence laid before it in an orderly fashion, so that the jury would not be confused and could better appreciate all that it saw and heard.
The defendant was not deprived of the right to cross-examine the witnesses against him. Nor has he shown any prejudice in being required to cross-examine the witness immediately after his direct testimony. No special circumstances are argued; only strategic reasons are advanced to support the request. Therefore, we find no abuse of discretion in the trial judge's ruling.
Bill of Exceptions No. 7 is without merit.
BILL OF EXCEPTIONS NO. 9
Officer Chester Gros, a state witness, was asked by the prosecuting attorney:
Q. And what description of the car did you broadcast over the police radio?
The defendant objected, on the grounds the question called for a hearsay response. The objection was overruled, and the officer described the vehicle in which the defendant was subsequently apprehended. The defendant assigns error to this ruling.
*512 Officer Gros had been given the description of the vehicle by a man who lived across the street from the scene of the crime. The question does not call for a hearsay response, because the officer is asked to testify about what he did, not what someone else told him. He can testify about facts within his knowledge, i.e., what description he broadcast, without vouching for the truth of the matters asserted therein.
However, even if the response were hearsay, the error was harmless, since the eye-witness testified earlier in the trial as to the description of the vehicle he saw drive away from the scene of the crime. See State v. Brown, 288 So.2d 339 (La. 1974); State v. Williams, 260 La. 941, 257 So.2d 668 (1972).
Bill of Exceptions No. 9 is without merit.
BILL OF EXCEPTIONS NO. 10
Officer Gros, during direct examination, began to relate what the victim told him about his ability to identify the perpetrators of the crime. This was objected to as hearsay, and the objection was sustained. Officer Gros then merely stated that he had taken an oral statement from the victim during the course of his on-the-scene investigation.
Defendant's counsel, as soon as the witness was tendered, requested that the State produce the oral statement that Officer Gros had alluded to, as well as any other police record, memorandum or the like. The trial judge denied the request:
By the Court:
Now you want the State to produce the statement that the man is alleged to have made to him, an oral statement, after you've already objected to it going in evidence?
By Counsel:
This is what I'm requesting, Your Honor, and I'll clarify it. I'm requesting the opportunity to inspect any memoranda, reports, etc. made by this officer as a result of his investigation of this offense.
Preliminarily, we note that the oral statement which defendant sought was not admitted into evidence, because of defendant's own objection. Therefore, there is no sound reason to require the State to produce this oral statement, if, in fact, it was ever reduced to writing.
Defendant relies on State v. Tharp, 284 So.2d 536 (La.1973), as authority for his request for "any memoranda, reports, etc." made by Officer Gros as a result of his investigation. Once again, the reliance is misplaced.
In the Tharp case, the officer under examination admitted that his testimony came from his report in his possession. Furthermore, the principal issue in Tharp was the credibility of witnesses, for seven defense witnesses testified in direct opposition to the testimony of the agents. Under these circumstances "the production of the report may have proven the State's witnesses unreliable." State v. Tharp, 284 So.2d 536 at 542.
On the other hand, in the instant case there is no showing whatsoever that Officer Gros was testifying from anything other than his memory. His credibility was never questioned by the defendant. The defendant makes no showing how the availability of any report Officer Gros might have made would have affected the cross-examination of the officer, much less affect the outcome of the trial. Thus, no foundation was laid for the request for production of the report, and we cannot say the trial judge erred in denying the motion to produce. State v. Foret, 315 So.2d 278 (La.1975); State v. Lane, 302 So.2d 880 (La.1974).
Bill of Exceptions No. 10 is without merit.
*513 BILL OF EXCEPTIONS NO. 13
In his closing argument to the jury, the prosecuting attorney stated:
. . . The State feels that its proved that Joseph Singleton pulled that armed robbery on May the 7th at 4 in the morning far beyond any reasonable doubt. And, all of the evidence you've heard here today, gentlemen, was uncontradicted and uncontroverted, every bit of it, uncontradicted and uncontroverted. And, we ask you to find Joseph Singleton guilty as charged.
The defendant moved for a mistrial, on the ground that the prosecutor was commenting on the defendant's failure to take the stand. To the trial judge's denial of the motion for a mistrial, the defendant assigns error.
Under C.Cr.P. art. 774, the argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case."
The prosecutor's remarks in the instant case did not constitute an impermissible reference to the accused's failure to take the stand. Rather, his remarks were nothing more than a permissible statement of his appreciation of the evidence brought forth during the course of the trial. In State v. Bentley, 219 La. 893, 54 So.2d 137 (1951) this court held that the prosecutor's statement "the evidence is uncontradicted and uncontroverted" was not an impermissible comment on the accused's failure to take the stand. See also U. S. v. Goodwin, 470 F.2d 893 (5th Cir. 1972), cert. den. 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691 (1973); State v. Baggett, 292 So.2d 201 (La.1974).
Bill of Exceptions No. 13 is without merit.
BILL OF EXCEPTIONS NO. 14
The defendant submitted nine special jury charges to the court. None were given, since the trial judge determined that all were adequately covered by his general charge. Defendant assigns error to the failure to give two of his requested charges.
Defendant's requested charge number four dealt with the presumption of innocence. The trial judge's charge included, in part:
Gentlemen of the jury, the defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt.
The consequence of this rule of law is, he is not required to prove his innocence, but may rest upon the presumption in his favor until it is overthrown by positive affirmative proof. The onus, therefore, is on the State to establish to your satisfaction, and beyond reasonable doubt, the guilt of the accused, as to the crime charged in the bill of information, or any lesser one included in it.
If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused.
This part of the charge, along with the other parts, more than adequately explains the presumption of innocence. It was therefore not error for the trial judge to refuse to give defendant's special charge number four. C.Cr.P. art. 807.
Defendant's special charge number six purported to deal with the duty of each attorney to object to evidence which he believes inadmissible, and with the effect of the judge's ruling on objections.
The trial judge properly refused to give this requested charge. It is not wholly correct, since an attorney is under no duty to object to every bit of evidence that he *514 believes inadmissible. The jury's role in evaluating evidence was adequately covered in the general charge. Therefore, it was properly refused. State v. Nelson, 261 La. 153, 259 So.2d 46 (1972); C.Cr.P. art. 807.
Special charges need not be given if fairly and accurately included in the judge's general charge. State v. Yoxtheimer, 301 So.2d 318 (La.1974); State v. Paciera, 290 So.2d 681 (La.1974).
Bill of Exceptions No. 14 is without merit.
Accordingly, the sentence and conviction are affirmed.