ARMSTRONG, Judge.
The defendant, Maurice V. Preston, was charged by bill of information with possession of crack, a violation of R.S. 40:967. After a trial by a six-person jury the defendant was found guilty as charged. He was sentenced to serve five (5) years at hard labor in the Department of Corrections. The defendant filed a motion to reconsider sentence which was denied by the trial court. The State subsequently filed a multiple bill of information. Defendant’s multiple bill is still pending.[1]
The record reflects that on September 20, 1991, while Officers Felix Joseph and Ronnie Austin were working a paid detail at Versailles Arms Apartments, they received information that a black male, thin build, wearing a blue Fortier shirt, blue jeans and tennis shoes, was standing on the corner of Chef Menteur Highway and Alcee Fortier selling crack cocaine. When the officers approached the area in their car, they shined the high beam lights on the subjects in the area. As the officers exited their car, Officer Joseph observed the defendant discard a matchbox into a cardboard box next to him. Officer Joseph retrieved the matchbox and found it to contain several pieces of crack wrapped in clear plastic. The two subjects that were in the immediate area were detained and frisked for weapons but released.
The defendant presented two witnesses at trial, both of which had been convicted of narcotic violations. The first witness, Derrick Brock, testified that he and a few other friends were standing around the store drinking beer with the defendant. Brock explained that when officers arrived on the scene an elderly drunk man approached the car and began talking to the officers. After the drunk man left the car, officers ordered everyone against the car. Brock admitted that the officers searched the area and found a matchbox in the cardboard box. Brock denied seeing the defendant in possession of the matchbox.
The second witness, Clifton Joshua, corroborated Brock’s story. Clifton explained to the jury that while officers were searching the area, the elderly drunk man informed the officers that the “rocks” were in the garbage. Joshua also admitted that he observed the officers retrieve the matchbox from the cardboard box.
The defendant testified and denied being in possession of the matchbox.
A review of the record reflects that there are no errors patent.
In defendant’s only assignment of error he argues that the trial court allowed inadmissible hearsay evidence at trial. Specifically, the defendant argues that the trial court erred in allowing the officers to repeat what a confidential informant allegedly told them *940 as to the basis for the search. The defendant alleges that throughout the trial, the court allowed the prosecutor to elicit testimony from the officers concerning the eonversation between the police officer and an anonymous citizen. The defendant claims that the prosecutor informed the jury during opening statement that an anonymous citizen told police officers that a subject was selling cocaine at the corner of Chef Menteur and Alcee Fortier.
Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La.Code Evid. art. 801(C). When an out-of-court statement, such as information received by a police officer during an investigation of a crime, has both an impermissible hearsay aspect and a permissible nonhearsay aspect, the issue of relevancy becomes significantly interrelated with the hearsay issue. If the nonhearsay content of the statement has little or no relevance, then the statement should generally be excluded on both relevance and hearsay grounds. Marginally relevant nonhearsay evidence should not be used as a vehicle to permit the introduction of highly relevant and highly prejudicial hearsay evidence which consists of the substance of an out-of-court assertion that was not made under oath and is not subject to cross-examination at trial. State v. Wille, 559 So.2d 1321, 1331 (La.1990).
In the State’s opening statement the prosecutor explained to the jury:
Police officers are going to testify that on September 20, 1991, that they were working a paid detail ... While they were working this detail a concerned citizen who did not give the name, as the officers will testify, came up to the police officers and told them ... As I was saying the police officers will testify that they were approached by somebody who was concerned that saw somebody dealing drugs or excuse me, not dealing drugs but was in possession of drugs and I believe ...
The defendant’s counsel objected twice during the prosecutor’s statement:
Your honor, at this time I am going to make an objection for the record and request that the State constrain itself to testimony that will actually be adduced by a witness not subject to cross-examination during this trial.
Your honor, I am going to note an objection and move for a mistrial at this time.
The trial court overruled both objections.
On direct examination the prosecutor asked Officer Joseph to explain what his involvement was in the arrest of the defendant. In response to this question, Officer Joseph testified as follows:
We received information relative to a black male subject standing at the intersection of Chef Highway at Alcee Fortier selling crack cocaine. After receiving this information Detective Austin and myself proceeded to that area. I observed the black male subject fitting the description provided. The guy was kneeling down by a box by the store. As we drove up Detective Austin activated his bright lights therefore we can have clear vision of the subject. As we were getting out of our car we observed the subject standing up. At that time he discarded a matchbox into the box that he was kneeling down by....
Once again, the defendant counsel objected twice to the officer’s testimony and the trial court overruled the objections on both occasions.
When the second officer, Detective Ronnie Austin, was questioned on direct examination as to his involvement in the arrest of the defendant, he responded without informing the jury of the specific information received from the anonymous citizen:
Well, predicated on that particular evening I was working with Detective Felix Joseph and predicated on the information that we received, we proceeded to the intersection of Chef Menteur Highway and Alcee Fortier ... There we observed Mr Preston squatting adjacent to the door of the store and next to a cardboard trash box.
The prosecution, however, asked Detective Austin to explain to the jury the information received from the anonymous, citizen. The defendant’s counsel made an objection, but *941 the trial court overruled the objection and allowed the officer to testify:
THE WITNESS: The essence of that information was that there was narcotic trafficking taking place at that particular intersection in front of the convenient store that I mentioned earlier at that particular time.
MR. KENNEDY: Was a description given of the person?
THE WITNESS: Yes, sir, it was.
MR. KENNEDY: What was that description?
THE WITNESS: The description was a black male thin build wearing a blue Fortier shirt, blue jeans and tennis shoes.
MR. KENNEDY: Now, officer, when you arrived at the convenient store, what clothes was the defendant wearing?
THE WITNESS: He was wearing a blue Fortier T-shirt, blue jeans and tennis shoes.
Law enforcement officers may not testify as to the contents of an informant’s tip because such testimony violates the accused’s constitutional right to confront and cross-examine his accusers. State v. Banks, 439 So.2d 407 (La.1988); State v. Thompson, 331 So.2d 848 (La.1976); State v. Murphy, 309 So.2d 134 (La.1975).
Generally, an explanation of the officer’s actions should never be an acceptable basis upon which to admit an out-of-court declaration when the so-called “explanation” involves a direct assertion of criminal activity against the accused. Absent some unique circumstances in which the explanation of purpose is probative evidence of a contested fact, such hearsay evidence should not be admitted under an “explanation” exception. The probative value of the mere fact that an out-of-court declaration was made is generally outweighed greatly by the likelihood that the jury will consider the statement for the truth of the matter asserted. State v. Hea-rold, 603 So.2d 731 (La.1992).
In Hearold the defendant was convicted of possession of methamphetamine with intent to distribute and conspiracy to possess methamphetamine with intent to distribute. During Hearold’s trial, the trial court allowed the arresting officer to testify that he had received information that the defendant was involved in narcotics dealing. The Court concluded:
the reason why the officer began his investigation of the defendant was totally irrelevant to the issue of defendant’s guilt of any of the essential elements of the crime.... The hearsay testimony by Officer Benjamin about information received from an out-of-court declarant served no other purpose than to show by improper evidence that the defendant was a drug dealer and was thus clearly inadmissible hearsay offered to prove the truth of the statement. Hearold, at 738.
In the instant case, the defendant was convicted of possession of crack. The State had the burden of proving beyond a reasonable doubt that the defendant knowingly or intentionally possessed a controlled dangerous substance. LSA R.S. 40:967. Officer Joseph is the only witness who testified that he saw the defendant “throw-down” the matchbox containing the drugs. Detective Austin never testified that he observed the defendant in possession of the drugs. The only other information concerning the defendant’s possession of narcotics came from the anonymous citizen. Both defense witnesses denied seeing the defendant in possession of the narcotics.
The out-of-court statements were prejudicial to the defendant. The State on numerous occasions unnecessarily solicited and offered information to the jury that the defendant was selling drugs. In the opening statement the prosecutor told the jury that officers had learned that the defendant was selling drugs; Officer Joseph told the jury that an anonymous citizen provided information that defendant was selling drugs; the State forced Detective Austin to inform the jury about what he learned from the anonymous citizen. The State requested from Officer Joseph his expert opinion in the packaging of narcotics:
MR. McMINN: And in your skill and experience as a narcotic officer, have you ever known narcotics to be kept in matchboxes before?
OFFICER JOSEPH: Yes, that’s a common use for narcotics traffickers to keep *942 small pieces of crack cocaine inside of a matchbox.
Defense counsel objected to this testimony and requested a mistrial, but the trial court overruled the objection and ordered that the trial continue.
The State did not have to prove distribution, only possession of a controlled dangerous substance. However, the State elected to offer additional prejudicial testimony. If the State did not introduce the out-of-court statements by the anonymous citizen, the only evidence from the State that the jury would have been able to consider was Officer Joseph’s testimony. Officer Joseph was the only witness that was subjected to cross examination who testified that the defendant was in possession of the drugs. The jury was expecting the defendant to be found in possession of drugs because the State told them in the opening statement that the defendant was observed selling drugs. Further, the first officer to testify told the jury that they were looking for the defendant because he was observed selling drugs.
The statements were inadmissible hearsay evidence that were extremely prejudicial to the defendant. It is difficult to conclude that the jury did not take into consideration the inadmissible statements in deciding whether defendant was in possession of the drugs.
Accordingly, the defendant’s conviction is reversed and the case remanded for a new trial.
REVERSED AND REMANDED.

. When this appeal was lodged a multiple bill hearing had not yet been conducted.