SANDERS, Justice.
By Bill of Information, the State charged Gordon Ganey with the theft of a cow belonging to Alvin Edwards on May 2, 1963. Upon trial, the jury returned a verdict of “guilty of attempted theft of a cow.” The court sentenced the defendant to a term of five years in the State Penitentiary. He has appealed, relying upon eight of the bills of exception reserved in the trial court.
When the defendant was called for arraignment on May 20, 1963, the trial judge advised him of his right to court-appointed counsel. He then waived his right to counsel and informed the Court that he was retaining an attorney of his own choice. After the defendant pleaded not guilty, the Court granted him until September 16, 1963, to withdraw his plea and file “any motions concerning the case.” The Court assigned the case for trial on Monday, October 21, 1963.
The defendant filed no motions during the period fixed by the Court. But on the day of trial, he filed a motion to withdraw his plea of not guilty to file a motion for a Bill of Particulars, a Motion for a Bill of Particulars, and a Motion for a Continuanee. The Court overruled the motion to withdraw the plea to filé the Motion for a Bill of Particulars. However, the State voluntarily answered the Motion for a Bill of Particulars and supplied all the information requested, including a description of the cow and the location from which it was taken. The Court overruled the Motion for a Continuance.
 Under Bills of Exception 1 and 2, reserved in connection with the above rulings, the defendant assigns as error the refusal of the trial judge to grant the continuance. The defendant asserts that a continuance should have been granted because he was not represented by counsel at arraignment, the Bill of Information was in the short form, he was not served with a copy of the Bill of Information until three days before the trial, and he had no opportunity to move for a Bill of Particulars until the day of trial.
The granting of a continuance is within the sound discretion of the trial court and the ruling will be disturbed only when that court has arbitrarily or unreasonably abused its discretion.[1]
The record reflects that Ganey retained counsel within six days after arraignment. A period of several months was available thereafter for the filing of the Motion for the Bill of Particulars within the time fixed *991 by the Court and for preparation of the defense. Since the Bill of Information was served "at least two entire days before the trial,” the service was timely.[2] That the defendant received the additional information sought in the Motion for a Bill of Particulars only on the day of trial is due to his failure to file the motion in advance within the time fixed by the Court. We conclude, as did the trial judge, that the defendant had ample time within which to file motions and prepare his defense. We find no abuse of the discretion vested in the trial judge.
The defendant reserved Bills of Exception S, 9 and 10 to the overruling of his objections to a series of questions propounded to the defendant by the district attorney during cross-examination concerning defendant’s failure to call his wife as a witness. The questions and answers attached to the Bills of Exception are as follows :
“Q. Well now your wife was with you, wasn’t she, on that trip?
“A. That’s right.
“Q. Is she a witness here in your behalf?
[Objection overruled to this question]
******
“Q. Is she a witness herein in your behalf ?
“A. No, sir.
[Bill of exception reserved at this point]
* * * * * *
“Q. I asked him was his wife here to testify in his behalf and corroborate his story.
[Objection overruled and bill of exception reserved]
***** *
“Q. Is she?
“A. No, sir.”
* * * * * *
“Q. But you haven’t called her here?
“A. No, sir.
“Q. Why haven’t you called her? [Objection to this question overruled, obj ection made general, and bill of exception reserved]
******
“Q. I asked you why you didn’t call her as a witness.
“A. Well, I just didn’t call her.”
******
“Q. Didn’t you say that you knew she’d made a statement?
“A. Yes, Alonzo Taylor met her at twelve o’clock down there at Little River bridge while I was in jail and told her that she had to. make a statement.
*993 “Q. And do you know the content of the statement she made?
“A. No, I sure don’t
“Q. Well, wasn’t that the reason you didn’t call her?
“Q. No, it wasn’t the reason I didn’t call her.
“Q. Well, she’d be in a position to know whether there was a cow in the truck, wouldn’t she? She was with you?
[Objection to the question overruled and bill of exception reserved]
ifc
“Q. She was with you, wasn’t she?
“A. She sure was.
“Q. And wouldn’t she be in a position to know whether there was a cow in the truck?
“A. I imagine she would, she was setting in the truck riding.”
* ifc * * * *
In admitting this testimony, the trial judge relied upon State v. Todd, 173 La. 23, 136 So. 76. In that case, this Court held that the district attorney had the right to comment on the failure of the husband to call his wife as a witness since it was shown that she was present when the homicide with which he was charged was-committed.
As we view the disputed testimony, it tends to establish that the wife was present when the offense was committed, that she had made a statement to the law enforcement officers concerning it, and that the defendant did not intend to call her as a witness. All of this was admissible, of course, to lay a foundation for a later comment to the jury on his failure to call her.
The question concerning the content of the wife’s statement, in oitr opinion, was-improper. The court had elsewhere sustained an objection to a similar question. Since the defendant denied that he knew the content and made no disclosure, we are of the view that the interrogation does not constitute reversible error.[3]
In brief to this Court, the defendant complains of other evidence not made part of the Bills of Exception. We are unable to consider the admissibility of this evidence in connection with these Bills.[4]
We find no merit in the assignment of error tmder Bills of Exception 8, 9, and 10.
Bills of Exception 16, 17, and 18, reserved to the overruling of a motion in arrest of judgment, a motion for a new trial, and an objection to the sentence, raises the question of the legality of the sentence of five years in the State Penitenti *995 ary for the offense of attempted theft of cattle.
LSA-R.S. 14:27 provides:
“ * * * Whoever attempts to commit any crime shall be punished as follows:
“(1) If the offense so attempted is punishable by death or life imprisonment he shall be imprisoned at hard labor for not more than twenty years;
“(2) If the offense so attempted is theft or receiving stolen things, he shall be fined not more than two hundred dollars, or imprisoned for not more than one year, or both;
“(3) In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”
The defendant asserts that the offense of which he has been convicted is theft and that under Subparagraph (2) of the above article the maximum sentence of imprisonment is one year.
The State, on the other hand, contends that the theft of cattle is a distinct crime from theft and that Subparagraph (3) governs the sentence for an attempt to commit theft of cattle. Since the maximum imprisonment for theft of cattle is ten years, a sentence for an attempt to commit the crime may include imprisonment for five years.
The crime of theft was defined in Article 67 of the Louisiana Criminal Code. As a general article, it had the effect of combining the traditional offenses of larceny, embezzlement, and obtaining by false pretenses. As originally designed, it covered the theft of “anything of value,” which of course included cattle.
The Legislature, however, by Act 173 of 1950 created and defined the crime of theft of cattle and other livestock. LSA-R.S. 14:67.1. The maximum penalty for this crime was increased by Act 154 of 1956 to ten years imprisonment. The crime of theft of cattle is separate and distinct from the crime of theft. It follows that the sentence for attempted theft of cattle is governed by Subparagraph (3) of LSA-R.S. 14:27. We conclude, therefore, that the sentence of five years is proper. We find no merit in the assignment of error under these Bills of Exception.
For the reasons assigned, the conviction and sentence are affirmed.
FOURNET, C. J., is of the opinion that the sentence is illegal and the case should be remanded directing the court below to impose a legal sentence.
McCALEB, J., concurs in part and dissents in part with written reasons.
*997 HAMLIN, J., dissents, being in accord with the views expressed by FOURNET, C. J., and McCALEB, J.

. LSA-R.S. 15:320; State v. Freeman, 245 La. 665, 160 So.2d 571; State v. McAllister, 244 La. 42, 150 So.2d 557.

. LSA-R.S. 15:332.1; State v. Baudoin, 115 La. 837, 40 So. 239.

. LSA-R.S. 15:557; State v. Maney, 242 La. 223, 135 So.2d 473.

. LSA-R.S. 15:500.