255 So.2d 60

**STATE of Louisiana**

v.

**Hilton SHILOW.**

No. 51658.

Nov. 23, 1971.

William E. Woodward, Clinton, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

BARHAM, Justice.

Hilton Shilow has appealed from his conviction of murder (R.S. 14:30) and his sentence to life imprisonment. He relies upon two bills of exception.

*Bill of Exception No. 1.*

When the case came on for trial on October 14, 1970, the State filed a motion for continuance. The motion was tried contradictorily and summarily in accordance with Code of Criminal Procedure Article 711. Upon a showing by the State that it was not presently prepared to go to trial and with no showing by the defense that prejudice or harm would result from the granting of the continuance, the trial judge determined that the continuance should be granted. Defendant reserved Bill of Exception No. 1.

The defense urges that the judge's ruling was reversible error, being an unrea-

sonable abuse of his discretion and a denial of the defendant's right to a speedy trial. In addition to the fact that no showing was made on the motion for continuance that the defendant would be prejudiced, no showing—in fact, no argument—is now made that the defendant was prejudiced by the delay in his trial. He was not deprived of his liberty by reason of delay between indictment and commencement of trial, for he was serving a previously imposed sentence in the state penitentiary. See State v. Shilow, 252 La. 1105, 215 So. 2d 828.

Code of Criminal Procedure Article 712 vests in the trial court the discretion to grant a continuance in any case if there is good grounds for it. We have consistently held that the trial court's ruling granting or refusing a continuance will not be disturbed except where the discretion has been exercised arbitrarily or unreasonably. State v. Ganey, 246 La. 986, 169 So.2d 73 (1964); State v. Polk, 258 La. 738, 247 So.2d 853 (1971), and cases cited. We find no abuse of discretion in, and no prejudice flowing from, the ruling of the trial court.

### Bill of Exception No. 2.

The defendant filed a motion for bill of particulars requesting the State to furnish 11 items of information. The State answered seven of these requests but declined to answer the other four, and when the judge refused to order the State to answer, defendant reserved this bill of exception.

One of the requests was: "Please describe how the crime that the defendant is charged with occurred." In the bill of indictment and in other answers to the motion for bill of particulars the State informed the defendant of the offense, the exact time and place of the offense, the name of the victim, and the weapon used. The indictment and the State's answer to the motion for bill of particulars sufficiently set out the nature and cause of the charge against the defendant, and the State is not required to disclose its "evidence".

The other information requested and refused was in all respects identical with the information sought by the defendant in State v. Burkhalter, this day decided, 260 La. 27, 255 So.2d 62; and our discussion there fully answers the arguments of the defendant here.

There is no merit in the bills of exception and no error discoverable in our review of the pleadings and proceedings.

The conviction and sentence are affirmed.