PER CURIAM.
 

 The defendant, Frances Cuchinelli, was indicted for murder, found guilty by a jury of manslaughter, La.R.S. 14:31, and sentenced to serve nine (9) years in the state penitentiary. She appeals this conviction and sentence.
 

 On appeal, the defendant relies on seven bills of exceptions reserved and perfected during her trial.
 

 
 *794
 
 The first bill of exceptions alleges the trial judge committed error in permitting the jury to travel in three separate automobiles to and from Amite, Louisiana, where they were lodged at night during the trial. We find this bill of exceptions lacks merit. La.C.Cr.P. art. 791, in part, states that
 
 “A
 
 jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.” In his per curiam, the trial judge stated that the St. Helena Parish sheriff’s department did not own nor have access to a vehicle with enough seating space to transport all twelve jurors and the deputies responsible for them to and from the trial at Greensburg. For that reason, he allowed the sheriff’s department to use three automobiles for transportation. The sheriff was instructed by the trial court to keep the jury sequestered, to keep them from outside communication and to assign deputies to the jury who were not connected in any way with the case. In his first bill, the defendant does not allege that any irregularity occurred during the three-vehicle transportation of the jurors.
 

 La.C.Cr.P. art. 791 does not demand that the jury be kept continually in one single group. It merely requires that the jurors be sequestered so as to be secluded from outside communication. We find substantial compliance with this Criminal Code article. The single case cited by the defendant in support of his argument is inapposite. In State v. Pascal, 147 La. 634, 85 So. 621 (1920), a new trial was ordered because the jurors were separated into several rooms in the lodging house without the supervision of sheriff’s deputies. Under those circumstances, the court found the jurors were accessible to communication. In this case, though the jurors were separated during transit, they were under the supervision of sheriff’s deputies not connected with the case, and were secluded from outside communication.
 

 Bills of exceptions numbers two and three allege error occurred when the State was allowed to introduce the confession of the defendant. In essence, the defendant maintains her oral confession was not free and voluntary, that it was obtained through the persistent daily interrogation of the defendant, and that the defendant had not knowingly waived her constitutional rights regarding self-incrimination.
 

 The facts surrounding the interrogation and subsequent confession are as follows, paraphrasing the per curiam of the trial judge, as supported by the evidence:
 

 During the initial stages of the investigation, the prime suspect in the murder of
 
 Judy
 
 McManus was Ciro Cuchinelli, the defendant’s husband. During the period of time he was the prime suspect, his wife, Frances Cuchinelli, was questioned daily as a witness by the investigating
 
 *796
 
 officer. At that time, she was not advised of her constitutional rights because she was being questioned as a witness and not a prime suspect. Mrs. Cuchinelli was not in custody or otherwise deprived of her freedom in any significant way. After approximately a week of investigation, the defendant’s mother called the police and informed them that she had not told them the truth about her daughter’s whereabouts on the day of the killing. At this time the focus of the investigation shifted to the defendant, and she became the prime suspect. Three investigators went to her house and asked her to accompany them to the police station for further questioning. She voluntarily agreed to go. When the defendant got in the investigating officer’s car, she was advised of her constitutional rights as required by
 
 Miranda
 
 and
 
 Escobedo.
 
 She stated she understood and was willing to answer questions. Upon being questioned, she admitted killing Judy Mc-Manus.
 

 From the foregoing, it appears the oral confession of the defendant was properly admitted. During the time her husband was the prime suspect and the defendant was questioned as a witness, she was not entitled to Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). According to it “the prosecution may not use statements, whether exculpatory or inculpatory, stemming from
 
 custodial
 
 interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been
 
 taken into custody or otherwise deprived of his freedom of action in any significant way.”
 
 384 U.S. at 444, 86 S.Ct. at 1612.
 

 During the week the defendant was questioned as a witness, she was not in custody, nor had “[the] general inquiry into an unsolved crime . . . begun to focus on a particular suspect” (the accused). Escobedo v. Illinois, 378 U.S. 478, 490, 84 S.Ct. 1758, 1765, 12 L.Ed.2d 977 (1967). When the focus of the investigation did center on her, and she was taken into custody for questioning, all of the investigating officers testified that she was fully advised of her constitutional rights and the statements made by her were understandingly freely and voluntarily made. The trial court, out of the presence of the jux-y, conducted his own examination to determine the admissibility of the defendant’s oral confession. In his per curiam, the trial judge stated that he was convinced the defendant was fully apprised of her constitutional rights, that she understood them, and that she fully and voluntarily, without compulsion or inducement, answered the questions propounded by the police
 
 *798
 
 which led to her oral confession. The evidence supports these findings.
 

 For these reasons, we find that the oral confession was properly admitted into evidence, and therefore bills of exceptions numbers two and three are without merit. La.R.S. 15:451, 15:452.
 

 The fourth bill of exceptions was taken when the trial judge denied defendant’s motion for mistrial. The defendant moved for mistrial, alleging the Assistant District Attorney made statements while testifying as a witness indicating his opinion as to the defendant’s guilt and reiterating testimony of a previous state witness. The objectionable statements made by the Assistant District Attorney are as follows:
 

 “At that time, all of our evidence pointed towards the guilt of the defendant, Mrs. Frances Cuchinelli, as it does today ;” and
 

 “We left Baton Rouge ... I left Amite, drove to Baton Rouge to Mrs. Verlie Prejean’s house. Now, she’s testified, and you know what her testimony is. When I got to her house, I questioned her about what Mrs. Cuchinelli had told her that afternoon, and as it developed, all she said that in any way whatsoever implicated Mrs. Cuchinelli was that they planned — let’s see — ”
 

 We find this fourth bill lacks merit. The first allegedly objectionable statement made by the District Attorney was not an opinion. The statement was made in context of a long response by the Assistant District Attorney to a question by the State requesting that he explain to the Court and -the jury the circumstances surrounding the issuance of a material witness warrant. In explaining why he caused a material witness warrant to be issued for the defendant’s husband, Ciro Cuchinelli, as opposed to an arrest warrant, he pointed out that at that point in time the evidence accumulated pointed towards the guilt of the defendant. In context, this cannot be taken as a statement of opinion on behalf of the District Attorney as to the guilt or innocence of the defendant. It was merely a statement of fact; a statement indicating the status of the investigation’s process at that time.
 

 The second allegedly objectionable statement also fails to support the defendant’s argument. The Assistant District Attorney merely stated that Mrs. Verlie Prejean had testified previously, “And you know what her testimony is.” Thereafter, he . stated that he had gone to her house and questioned her. At the point he was cut off by defense counsel’s objection, he had not reiterated any evidence testified by Mrs. Prejean earlier. The trial court correctly overruled the motion for mistrial. La.C.Cr.P. art. 774.
 

 The fifth bill of exceptions alleges the trial judge committed prejudicial error
 
 *800
 
 by allowing the introduction into evidence of a steak knife found in the vicinity of the dead woman’s body. The trial judge’s per curiam to this bill of exceptions adequately disposes of the issue. In it he states that at the time he allowed the State to introduce the knife, testimony had already been established that the victim had been stabbed in the back three times with a knife. In her confession; the defendant stated she had thrown the knife on the side of the road not too far from the scene. An expert pathologist, after examining the knife, stated that in his opinion the knife could have been the weapon used to make the stab wounds. The state established the chain of possession from the time the knife was found until it was introduced in evidence at the trial. We agree with the trial judge’s conclusion that sufficient relevance was established by the State to warrant the introduction into evidence of the steak knife. La.R.S. 15:435, 15:441, et seq. Once the evidence was introduced, the weight given the steak knife was in the sole province of the jury. We find this bill lacks merit.
 

 The sixth bill of exceptions was taken to the denial of a motion for mistrial, which motion alleged prejudicial error was committed when the Assistant District Attorney, upon questioning an expert psychiatrist as to the legal sanity of the defendant, asked “Would it be safe for a person like her to be returned to society?” Counsel for the. defense immediately objected to the question, and the jury was retired. Counsel for the defense then moved for mistrial on the grounds that the question was extremely offensive.
 

 We find this sixth bill of exceptions lacks merit. The psychiatrist never answered the question. We find the defendant was not prejudiced by the question. See State v. Russell, 167 La. 1010, 120 So.2d 629 (1929), where this Court stated that, though a question may be prejudicial, if the answer is harmless, no error has been committed. Therefore, the trial judge correctly denied the motion for mistrial. La.C.Cr.P. art. 770.
 

 Bill of exceptions number seven was taken to statements made by the Assistant District Attorney during his summation. In his summation he stated, “I don’t know, but I’m firmly convinced that at 10:30 on April 13, 1970, Frances Cuchinelli murdered Judy McManus on that gravel road.” The trial judge gave as a reason for denying the motion for mistrial that he was convinced the Assistant District Attorney was referring to the State’s position based on the fact shown by evidence produced in the case when he made the statement, “I am firmly convinced . . . ”, that he was-not expressing a personal opinion.
 

 Although it is generally considered to be erroneous for the prosecuting attorney to declare his individual opinion or .belief that the accused is guilty when the.
 
 *802
 
 accusation is made in such a manner that the jury may understand that the prosecutor’s belief is based on evidence dehors the record, such an opinion is permissible if the prosecutor states, or it is apparent, that his opinion is based-on the evidence of record. State v. Sercovich, 246 La. 503, 165 So.2d 301 (1964), and cases cited therein. See also State v. Hudson, 253 La. 992, 221 So.2d 484 (1969). Counsel for the defense made his objection immediately after the Assistant District Attorney completed the objectionable sentence. After voicing his objection, the Assistant District Attorney stated, “Your Honor, I am relating the State’s very point on this case, not a personal . . ' . at which time he-was interrupted by the trial judge. The statement itself was made after the Assistant District Attorney .had recapitulated the evidence produced by the State.
 

 For the foregoing reasons, we find the trial judge did not abuse his discretion in refusing to grant a mistrial as under the circumstances the statement did not constitute reversible error. Though one interpretation of the statement made by the Assistant District Attorney may be that of a personal opinion on his part, a reading of his complete argument persuades us that he did not intend to convey the meaning that in his personal opinion the defendant was guilty. In context, the statement was to the effect that on the basis of the evidence before the jury, the State was convinced it showed that the accused killed the victim at the time and place stated.
 

 For these reasons, we find this final bill of. exceptions to be without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 SUMMERS, J., concurs in the result only.
 

 BARHAM, J., concurs.