DIXON, Justice.
 

 The defendant, George Landry, appeals his conviction and sentence for the March 13, 1969 murder of Emile Gerald Green in Baton Rouge. The defendant was sentenced to death.
 

 During the trial, several bills of exceptions were reserved. They will be discussed in the order in which they were briefed.
 

 Bill of Exceptions No. 1 was reserved when the trial judge excused three prospective jurors for cause on the voir dire when each of them stated that he could not under any circumstances impose the death-penalty on the defendant. The defense at that time did not object. Two additional prospective jurors were called, one of whom was excused by the defense. The court- then recessed for lunch. Im
 
 *35
 
 mediately after the lunch break, defense counsel informed the court that they wanted to object to and reserve a bill for the excusing of the three jurors who stated that they could not under any circumstances impose the death penalty.
 

 The defense contends that the court’s action amounted to a deprivation of the defendant’s right to a fair and impartial jury under the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.
 

 There is no merit in the bill. The defense failed to timely object. Objection was entered only after two other prospective jurors had been examined on the voir dire and after a recess for lunch. The failure to timely obj ect constituted a waiver of the right of the defendant to avail himself of alleged error. C.Cr.P. 841.
 
 [1]
 

 Bill of Exceptions No. 2 was reserved when the trial judge permitted a witness for the State to quote the words of a child whose identity was unknown to the witness. The child was supposed to have said that Mr. Green had been shot. The statement was made at the Chicken Shack, a restaurant which was a short distance (265 feet) from the location where the witness had seen the defendant with a gun in his hand.
 

 Although the statement may have been hearsay, we find no prejudice in its introduction and none has been demonstrated. Other evidence proved without doubt that the decedent had been shot. In fact, whether the decedent had been shot was not actually an issue. The hearsay statement did not contribute to the defendant’s conviction. Its admission was harmless. C.Cr. P. 921; State v. Maiden, 258 La. 417, 246 So.2d 810.
 

 Bills of Exceptions Nos. 3 and 4 were reserved when the district attorney “flashed” photographs of the decedent’s body to the jury prior to their introduction into evidence. The photographs were not made a part of the bill and are not before us. The judge did not admonish the jury to disregard the pictures.
 

 
 *37
 
 Evidence attached to the hill shows that the photographs were introduced for the purpose of identifying the decedent. The, testimony shows that they were not gruesome. No prejudice to the defendant has been shown, especially since the photographs were properly introduced into evidence later. There is no merit in these bills.
 

 Bill of Exceptions No. 6 was reserved when during the closing arguments the district attorney made the following statement:
 

 “. . . Now, I believe everybody said that — well not everybody, but some people said that Green had something in his hand when he walked out of that building, that YMCA building. I believe, I’m convinced that it was that hammer. Somebody said it wasn’t, somebody said he thought he had a hammer; and somebody said he didn’t see anything in his hands. I believe he had the hammer because — well you saw the pictures, and there was a hammer down there. Of course, somebody could have run up and put it there, but I believe he had a hammer because two or three people said he did. Now, he walked out of that building with that hammer. Why, because in his mind he knew there was big trouble waiting outside, that is why. For what other reason would he have done that ? ” It was improper for the district attorney
 

 to interject his-personal interpretation of the evidence in the case. C.Cr.P. 774; State v. Cuchmelli, 261 La. 789, 261 So.2d 217; State v. Sercovich, 246 La. 503, 165 So.2d 301 and cases cited therein; see also Article XVI, DR7-106, Articles of Incorporation, Louisiana . State Bar Association. We do not find, however, that the district attorney was implying- to the jury that he had personal knowledge of facts that were not before the jury. Rather, the statement was apparently intended to show that more likely than not the decedent had something in his hand when he left the YMCA building. The jury was not asked to believe the district attorney merely because the district attorney believed a certain conclusion to be true. In any event, we find no reason for reversal on this ground.
 

 Another statement made during the district attorney’s summation to the jury objected to by defense counsel in their brief was not made a part of the bill and is therefore not before us.
 

 There is no merit in Bill of Exceptions No. 6.
 

 Bill of Exceptions No. 8 was reserved to the trial court’s refusal to grant a new trial on an allegation that the jury verdict was contrary to the law and evidence. This court has consistently held that such an allegation presents nothing for review. State v. Anderson, 254 La. 1107, 229 So.2d 329; State v. Stokes, 250 La. 277, 195 So. 2d 267. Even so, we have examined the record and find that there was sufficient
 
 *39
 
 evidence upon which the jury could reach its verdict.
 

 The remaining Bills of Exceptions were neither briefed nor argued by the defense. We have examined them anyway and find no merit in any of them.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 BARHAM, J., concurs.
 

 [1]
 

 . “An irregularity or error in the proceedings cannot be availed or after verdict
 
 unless it is objected to at the lime of its occurrence
 
 and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling. . . . ”
 

 (Emphasis added).
 

 The failure of the defense to timely object shows the situation in which the trial judge is placed. If the defense’s contention is correct, he must either immediately declare a mistrial or proceed with trial knowing that the maximum sentence which he may impose on the accused, assuming a verdict of guilty, is life imprisonment. It is not an abuse of discretion for the judge to proceed with the trial under such circumstances. And the only logical conclusion to be drawn from the untimely objection is that the right to complain has been waived.