PER CURIAM.
Bill Specks has appealed from his cotí-viction of murder (La.R.S. 14:30) and his sentence to life imprisonment. He relies upon three bills of exceptions..
The main thrust of the defendant’s three bills are all aimed at the trial court’s granting continuances on oral motions made by the District Attorney, alleging this was contrary to the statutory and constitutional requirements. The defendant urges that the judge’s rulings were reversible error, being an unreasonable abuse of his discretion and a denial of the defendant’s right to a speedy trial. Defendant’s trial began February 8, 1971.
We take notice of the trial court’s Per Curiam which explains that under the circumstances, the trial court had no alternative but to continue the case. On October 26, 1970, the date on which the case was set for trial, the criminal docket of the trial court was already trying a case before a jury and it was not possible to try *84 more than one jury case on that date. In regard to October 29, 1970, another case was still in progress necessitating upsetting the subject case without refixing.
While it was error on the part of the trial court to grant the State its oral motion for the continuance without a written motion pursuant to La.C.Cr.P. Article 707, and also to upset the trial date of October 29, 1970 without fixing another date, it was not reversible. The defendant does not show he reurged his exception nor demonstrated auy prejudice flowing from the granting of the continuance. We only reverse for error prejudicial to the rights of the accused. La.C.Cr. Art. 921. See also State v. Shilow, 260 La. 23, 255 So.2d 60 (1971).
For these reasons, the conviction and sentence are affirmed.