PER CURIAM.
The defendant, Fred Wilson Brumfield, was tried by jury and found guilty of manslaughter, La.R.S. 14:31. He was sentenced to eighteen years in the State Penitentiary. Fie appeals his sentence and conviction, relying on 21 bills of exceptions to obtain a reversal.
The first two bills of exceptions allege the trial court erred by refusing to grant a continuance of the trial date. Defense counsel contends that because he had received an amended bill of particulars only a week before and, secondly, because a sanity commission report was just filed into the record on the day of the trial without formal notice to the defendant, that he did not have adequate time to prepare his defense.
The trial date was set for March 1, 1971, the amended bill of particulars was filed February 19, 1971. The trial judge’s per curiam states that the ten days were sufficient time for counsel to adjust his defense to the amended bill of particulars, and the State answers that defense counsel had been informed earlier of the contents of the sanity report which found the defendant not insane at the time of the commission of the crime. .
The Code of Criminal Procedure article 712 vests in the trial court the discretion to grant a continuance in any case if there is good grounds for it. We have consistently held that the trial court’s ruling granting or refusing a continuance will not be disturbed except where the discretion has been exercised arbitrarily or unreasonably. State v. Shilow, 260 La. 23, 255 So.2d 60 (1971), and the cases cited. We find no abuse of discretion in, and no prejudice flowing from, the ruling of the trial court.
Bills of exceptions Nos. 3 and 4, though reserved during trial were not perfected therefore present nothing for this court to review. La.C.Cr.P. art. 845.
The fifth bill of exceptions was taken to the denial of a motion for mistrial, which motion alleged prejudicial error was committed when the Assistant District Attorney, upon questioning a prospective juror, asked, “You don’t take human life cheaply, is that correct?” In further support of his objection, defense counsel notes that trial judge then asked the Assistant District Attorney, “Well, do you think his bill is any good?” to which the District Attorney answered “No.” We find this bill lacks merit. The juror never answered the question. Neither do we find any prejudice to the defendant flowing from the exchange between the Judge and the Assistant District Attorney. *154 See State v. Cuchinelli, 261 La. 789, 261 So.2d 217 (1972). As a further safeguard, the trial judge properly admonished the jury to disregard the question. Therefore the trial judge correctly denied the motion for mistrial. La.C.Cr.P. art. 771.
Bill of Exceptions No. 6 was reserved to the trial court’s overruling a motion to suppress a letter from the Assistant District Attorney to defense counsel stating that the State intended to use inculpatory statements and confessions by the defendant. This bill lacks merit. The letter referred to was filed in compliance with La.C.Cr.P. art. 768 and entirely proper.
Bill of Exceptions No. 7 was reserved when the trial judge overruled the defendant’s objection to a remark in the opening statement by the Assistant District Attorney alleging the statement went outside the realm of the charge for which the defendant was on trial and was prejudicial.
The obj ectionable statement follows:
“. . . after he had shot her the first time, and while she was fleeing, she was already mortally wounded about to die in a few minutes, he shot her again in front of the house . . .”
We are in accord with the trial court’s per curiam on this bill. “Although the victim was shot only once, the testimony showed that the defendant shot at her more than once. The remark in the opening statement by the District Attorney that ‘he shot her again’ was inadvertent and the later evidence and testimony removed any prejudice which may have been created. The error, if any, was harmless.”
We do not find that the defendant suffered any prejudice by the trial judge’s ruling. Bill of exceptions No. 7 is without merit.
The purpose of Code of Criminal Procedure article 771 is to deal with situations such as that on which Bill of exceptions No. 8 is based, to wit: hearsay testimony of a witness given after the trial court had ruled the testimony inadmissible. During the examination of State’s witness, Vadas Dangerfield, she testified that the victim “said she was afraid.” Immediately the trial judge commented, “Don’t state what she said”, adding to the jury, “Gentlemen, disregard the statement by the witness.”
Generally, this Court has held that a verdict should not be set aside on account of an improper spontaneous, unsolicited remark by a witness. The trial court properly admonished the jury to disregard the student. This bill has no merit.
 Bill of exceptions Nos. 9 and 12 were reserved to .the ruling of the court that defense counsel was not entitled to inspect certain papers, purportedly privileged police reports, which police officers had *156 used to refresh their memories before testifying. We find no merit in thesé bills and adopt the per curiam of the trial judge. “Defense attorney has no right to see a document a person has used to refresh his memory prior to taking the witness stand. The State is not required to permit the inspection of any of its evidence in a pending criminal prosecution including police reports, with exception of a written confession of the accused. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970). See also La.R.S. 15:279, and State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971).
In Bills of exceptions Nos. 10, 14 and 15 the defendant complains of the admission into evidence of a confession as involuntary and coerced. We find no error in the trial court’s finding that the confession was not the product of compulsion, subtle or otherwise, and that it was freely and voluntarily given after the defendant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The evidence warrants the trial court’s finding that the accused made an intelligent waiver of his right to remain silent and of his right- to have counsel present at' interrogation, before voluntarily making the statements in- question. State v. Fairley, 260 La. 85, 255 So.2d 83 (1971). These bills have no merit.-
A question of fact is presented in Bills of exceptions Nos. 11 and 13. At issue is the correctness of the trial judge’s ruling permitting the admission in evidence of the gun allegedly used by the defendant in the perpretration of the crime. It is contended that the State failed to establish the chain of custody of this evidence with sufficient certainty, and the evidence should not have been admitted. Specifically, the defendant complains that the gun should have been placed with the clerk of the court or in the sheriff’s office and not with the desk sergeant. However, there is no showing whatever that the gun was tampered with while in the desk sergeant’s possession. The objection is addressed to the weight, not the admissibility, of the evidence. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969), State v. Square, 257 La. 743, 244 So.2d 200 (1971), State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
Bill of exceptions No. 16 was reserved to the denial of the defense motion for a directed verdict. This Court has repeatedly held that the trial judge is .without authority to grant a motion for a directed verdict at the close of the State’s case. See State v. Graves, 259 La. 526, 250 So.2d 727 (1971) and the cases there cited. This bill of exceptions is. insubstantial.
Bills of exceptions Nos. 17, 18, 19, 20 and 21 were reserved when the trial court •denied defendant’s repeated motions for a mistrial based on. misquoted testimony and *158 improper inflammatory ' and prejudicial statements of the prosecuting attorney during closing argument. The assailed statements occurred in close sequence in the closing remarks of the prosecutor, and were as follows:
“BY MR. SIMPSON: . . . You have two eye witnesses who looked out that window and saw that defendant with a gun blazing in his hand, still shooting at the victim. That’s quite a scene if you will imagine it in your minds, a lady running down the street with blood-curdling screams, with a huge man following her with a gun shooting at her. Think about that when you go back in the jury room .
. . . This man sitting here . . . look at him . . . Fred Wilson Brumfield, he arrested her by blocking the road, he prosecuted her in the street, he became her jury, he found her guilty, he sentenced her to death and he went one step further, he was her executioner . . . right in the street of Hammond
. . . Now when he shot her-he took' over all the functions o'f law that are' working in this courtroom today to protect him ... he took them ¿way from her, but he!s getting' that protection here today. He shot her in the back in cold blood and she never had a chance
. . '. After he shot her the first time and she was fleeing from him and as she rounded the corner and came into the light of the house where she could be seen by other people, and even as her screams.were curdling peoples’ blood in the night, he shot at her again to finish the job. Then he left her, he didn’t go
. . . And gentlemen even as he tried to shoot her the second time it was in the back too as she 'ran from him.”
Further, defense counsel objected to the District Attorney reading the Murder-statute (La.R.S. 14:29) as part of his explanation of the charge of manslaughter, for which the defendant was on trial.
La.Code of Criminal. Procedure . article 774 states:
“The argument' shall 'be confined to evi-' ‘ de'nce admitted to the lack of evidence,' to conclusions of fact that the státe ■ or defendant may draw therefrom, and' to 1 the law applicable to the case.”
“The argument shall not appeal to prejudice.” ' ' '
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
As-emphasized in State v. Dennis, 250 La. 125, 194 So.2d 720 (1967), this Court stated;' “Under- the jurisprudence of this' *160 Court, before a verdict approved by the judge is set aside on the ground of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks, and that they contributed to the verdict. State v. Jackson, 227 La. 642, 80 So.2d 105.”
No showing has been made that the jury was influenced by the remarks of the State or that they contributed to the verdict. In his Per Curiam to these bills, the trial judge states, “It is the opinion of the Court that the District Attorney’s closing argument was confined to the evidence admitted and to conclusions of fact drawn therefrom . . . * * * ”
We find no error in the rulings. As we said most recently in State v. Daniels, 262 La. 475, 263 So.2d 859 (decided June 5, 1972), “[w]hile we do not condone or encourage such remarks . . . we do not think that it is sufficiently inflammatory and beyond^ the realm of fair comment on the evidence as to warrant the granting of a new trial.” These bills are without merit.
On appeal, in brief, the defendant contends that the jury venire was improperly constituted because women were excluded. No motion or objection was made raising this issue in the trial court, nor was any .bill of exceptions reserved. Any such contention was therefore waived and the issue is .therefore not before us for review. La.C.Cr.P. arts. 535, 841, 844 and 920. Further, although the contention was (after the conviction) raised in the trial court by a motion in arrest of judgment, this is not a proper method to attack the venire, La.C.Cr.P. art. 859, and no bill of exceptions was reserved including evidence as to this contention. La.C.Cr.P. art. 920.
For these reasons, the sentence and conviction are affirmed.
SUMMERS, J., concurs in the decree only.
BARHAM, J., dissents and assigns reasons.