DIXON, Justice.
The defendant Ronald Smith was charged by bill of information with the crime of armed robbery, in violation of R. S. 14:64. He was convicted in a jury trial on January 17, 1975 and subsequently sentenced to forty years imprisonment. On appeal he relies on one assignment of error.
The defendant contends that he was tried and convicted by a jury whose makeup was unconstitutional because it did not include a fair representation of women. The defendant relies upon provisions of the 1974 Constitution, under which he elected to be tried.[1]
*460 However, the defendant filed no motion to quash the jury venire. C.Cr.P. 535 provides :
“B. A motion to quash shall be filed at least three judicial days before commencement of trial, and may be filed with permission of the court at any time before commencement of trial, when based on any of the following grounds:

“(2) The general venire or the petit jury venire was improperly drawn, selected, or constituted;

D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions.”
Under this article, therefore, the defendant waived any objection to the composition of the jury that he may have had by failing to file a timely motion to quash. State v. Dillard, 320 So.2d 116 (La.1975).
Defendant contends, however, that he properly raised the issue in a motion in arrest of judgment. C.Cr.P. 859 provides in part:
“The court shall arrest the judgment only on one or more of the following grounds:

“(4) The tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code.”
None of the cited articles authorize a challenge of the jury venire on the grounds that women were unconstitutionally excluded. This court has consistently held that a motion in arrest of judgment is not a proper procedural vehicle to challenge the composition of a jury venire. See State v. Wilson, 315 So.2d 646 (La.1975); State v. Kibby, 294 So.2d 196 (La.1974); State v. Brumfield, 263 La. 147, 267 So.2d 553 (1972).
Accordingly, the conviction and sentence are affirmed.

. La.Const. art. 1, § 17 (1974) :
“A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at *460 hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. . . .
La.Const. art. 5, § 33 (1974) :
“(A) Qualifications. A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled. The legislature may provide additional qualifications.
“(B) Exemptions. The supreme court shall provide by rule for exemption of jurors.” There is no exemption for women. See Buie 25, Supreme Court Buies.